UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  CR. No. 20-20117-MSN |
| | ) |
| v. | )  18 U.S.C. § 1344 |
| | ) |
| JAIME WALSH, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by the undersigned counsel, and the defendant, JAIME WALSH, represented by UNAM PETER OH, defense counsel.

1. JAIME WALSH agrees that he will enter a voluntary plea of guilty to Count Eight of the Indictment, which charges the defendant with bank fraud, in violation of Title 18, United States Code, Sections 1344. The violation of Section 1344 in Count Eight carries a maximum statutory punishment of not more than thirty (30) years imprisonment, a fine of not more than $1,000,000, or both, a period of supervised release for not more than five (5) years, and a mandatory special assessment of $100. JAIME WALSH agrees to waive his right to trial by jury and all rights attached thereto. JAIME WALSH agrees that he is entering a voluntary plea of guilty to Count Eight because he is, in fact, guilty of the offense charged in Count Eight.

2. Pursuant to this agreement, both the UNITED STATES and JAIME WALSH agree to the following:

    a. That the offense-level enhancement at U.S.S.G. § 2B1.1(b)(2)(A) for an offense involving ten (10) or more victims DOES APPLY in this case;

    b. That JAIME WALSH will pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement, including conduct described in the counts to be dismissed and all uncharged relevant conduct;

    c. That JAIME WALSH will consent to a money judgment in favor of the United States in the amount of $247,817.33, said amount representing proceeds obtained directly or indirectly from the scheme to defraud described in Counts 1 through 8 of the Indictment; and

    d. That JAIME WALSH will pay the $100 mandatory assessment fee to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing.

3. Pursuant to this agreement, the UNITED STATES agrees to recommend:

    a. That JAIME WALSH receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

    b. That JAIME WALSH be sentenced at the low end of the advisory guideline range as that range is determined by the Court;

    c. That, following the said term of imprisonment, JAIME WALSH be placed on supervised release for a period of five (5) years;

    d. That JAIME WALSH be ordered to pay restitution in accordance with Paragraph 2(b) of this Plea Agreement; and

    e. That a money judgment in the amount of $247,817.33 be entered against JAIME WALSH.

4. JAIME WALSH understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future in, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of

responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit as recommended by the UNITED STATES in this agreement shall not be a basis for JAIME WALSH to withdraw his guilty plea.

5. JAIME WALSH understands that neither the UNITED STATES nor any law enforcement officer can or does make any promises or representations as to what sentence the Court will impose. JAIME WALSH also understands that any discussions with his attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees. Failure of the Court to impose a sentence as recommended by the UNITED STATES in this agreement will not be a basis for JAIME WALSH to withdraw his guilty plea.

6. JAIME WALSH understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this Plea Agreement. The waiver in this Paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

7. JAIME WALSH agrees to waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution.

8. JAIME WALSH agrees that this written Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no additional promises,

representations, or inducements other than those referenced in this Plea Agreement have been made to JAIME WALSH or to his attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties. JAIME WALSH further agrees and acknowledges that no threats have been made to induce him to plead guilty. By signing this document, JAIME WALSH acknowledges that he has read this agreement, has discussed this agreement with his attorney, and understands this agreement. By signing this agreement, JAIME WALSH also acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
JOSEPH C. MURPHY, JR.
ACTING UNITED STATES ATTORNEY

_____      3-2-2021
SCOTT P. SMITH                   Date
Assistant United States Attorney

_____      Feb 2, 2021
UNAM PETER OH                    Date
Attorney for Defendant

_____      3-2-21
JAIME WALSH                      Date
Defendant

4